IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE JUNIOR SMILEY, #333931 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-12-3068 |
| JUDGE DUNAGUN[1] | * | |
| Respondent | * | |

***

**MEMORANDUM**

The above-captioned case was filed on October 17, 2012, on pre-printed forms for filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner moves to proceed in forma pauperis. ECF No. 2. His motion shall be granted.

The Petition does not clearly state a claim for relief. It appears, however, that Petitioner is in the process of challenging his conviction through Maryland's post-conviction procedure. ECF No. 1 at pp. 3 – 4. When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal[2] or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of

---

[1] Petitioner is incarcerated at Central Maryland Correctional Facility. ECF No. 1. The facility administrator, Casey Campbell, is the proper Respondent for this habeas corpus petition. See Rumsfeld v. Padilla, 542 U.S. 426 (2004). The Clerk is directed to amend the docket accordingly.

[2] Petitioner states he did not file a direct appeal of the conviction he challenges. ECF No. 1 at p. 2.

Appeals by way of a petition for writ of certiorari.  See Md. Cts. & Jud. Proc. Code Ann., § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals.  See Md. Cts. & Jud. Proc. Code Ann., § 12-302(e).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Cts. & Jud. Proc. Code Ann., § 12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  See  Williams v. State, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  See Md. Crim. Proc. Code Ann. § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  See Md. Cts. & Jud. Proc. Code Ann., § 12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  See Williams, supra.

It is clear from the Petition as presented that Petitioner has not exhausted his state court remedies with respect to his conviction.  The Petition will, therefore, be dismissed without prejudice by separate Order which follows.

October 31, 2012                                                              /s/
                                                                   _____
                                                                   George L. Russell, III
                                                                   United States District Judge